**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GERARDO L. SANCHEZ, TRUSTEE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  5:20-cv-188** |
| | § | |
| **WELLS FARGO BANK, N.A. AND** | § | |
| **MCCARTHY HOLTHUS, TRUSTEE,** | § | |
| *Defendant.* | § | |

**DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo") hereby removes this action from the 150th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division and as ground for removal, states the following:

## I.      STATE COURT ACTION

1.      On February 4, 2020 Plaintiff Gerald Sanchez ("Plaintiff") filed his Original Petition and Request for Temporary Restraining Order and Temporary Injunction and Request for Disclosure (the "Complaint") in the 150th Judicial District of Bexar County, Texas in an action styled *Gerardo L. Sanchez, Trustee v. Wells Fargo Bank, N.A. and McCarthy Holthus, Trustee*, case number 2020-CI-02397 (the "State Court Action").

2.      In the State Court Action, Plaintiff seeks to preclude the foreclosure of the real property described as CB 4782E BLK 16 LOT 1772 SHAVANO PARK SUBD UT-17E PLAT RECORDS VOL. 9548 PG. 179 BEXAR CO. TX (the "Property").  Plaintiff seeks to enjoin Defendant from exercising its rights to foreclose on the Property as well as attorney fees. Plaintiff fails to assert a single cause of action, whatsoever, against Defendant and seeks injunctive relief based solely on the alleged equity in the Property.

3.      Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a)

5.      Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

Exhibit A      Civil Cover Sheet and Supplemental Civil Coversheet;

Exhibit B      State Court Docket Sheet and State Court File; and

Exhibit C      Bexar county Appraisal District's valuation for the Property.

6.      Pursuant to 28 U.S.C. § 1446(d), simultaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of the Notice of Removal, and filing copy of the Notice of removal with the 150th Judicial District of Bexar County, Texas.

7.      Defendant has not been served with citation and a copy of the Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1).

## III.      DIVERSITY JURISDICTION

8.      Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction. Where there is complete diversity among parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff and Defendant Wells Fargo Bank, N.A. are not citizens of the same state, the remaining defendant was improperly joined, and the amount in controversy exceeds $75,000.

A.      COMPLETE DIVERSITY EXISTS

9.      Plaintiff is a natural person, so his citizenship for diversity purposes is where he is domiciled, that is, where he has a fixed residence with the intent to remain indefinitely. *Margetis c. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). For the purpose of diversity jurisdiction, upon information and belief, Plaintiff is domiciled in San Antonio, Texas. *See* Compl. p. 1.

10.     Wells Fargo is a national banking association pursuant to federal law. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank, N.A., v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo Bank, N.A., is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

11.     Defendant McCarthy & Holthus, LLP ("McCarthy") is a limited liability partnership. The citizenship of a limited liability partnership "is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021–22, 108 L.Ed.2d 157 (1990) (holding that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members). However, McCarthy is a nominal party that has been improperly joined and, thus, its citizenship should be disregarded. 28 U.S.C. § 1446 (2)(1) ("[A]ll defendants who have been properly joined and served must join in or consent to removal of the action."). A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). To determine whether a possibility

of recovery exists, a 12(b)(6) analysis is appropriate. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (stating that a plaintiff cannot avoid removal by pointing to "a mere theoretical possibility of recovery under local law."); *see also Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 848 (5th Cir. 2014) (holding defendant was not properly joined because none of the plaintiff's causes of action were asserted against him.). Plaintiff fails to assert a single cause of action against McCarthy, or a single fact which would give rise to a cognizable right to relief. *See generally* Complaint. Additionally, Defendant McCarthy Holthus LLP is Defendant's foreclosure counsel. As such, McCarthy is immune from civil liability in this action, therefore, no reasonable basis for recovery exists against McCarthy. The Fifth Circuit has held that foreclosure firms, such as McCarthy, have immunity for . . .  acts as foreclosure counsel." *See Iqbal v. Bank of America, N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (foreclosure firm was immune from suit because it was "retained to assist in the foreclosure, and the actions complained of . . . [were] within the scope of their representation"); *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 278 (5th Cir. 2014) (holding foreclosure firm "has immunity for its acts as foreclosure counsel"); *Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, No. 4:13-cv-577, 2014 WL 2446173, at *1 (E.D. Tex. May 30, 2014) (finding foreclosure firm was protected by the doctrine of qualified immunity where it was acting in its role as the law firm hired to conduct foreclosure proceedings and acted merely as the representative and/or agent of the defendant bank). Here, the basis for Plaintiff's claim against McCarthy is solely relate to its conduct as foreclosure counsel. *See* Complaint ¶ 6 (stating the Notice provided by McCarthy regarding the foreclosure sale provided Plaintiff an insufficient amount of time to prepare this lawsuit.). Because of its immunity, and because of the lack of any alleged wrongdoing, Plaintiff cannot establish that any causes of action can be maintained against McCarthy and as such, McCarthy's citizenship should not be considered for

the purpose of diversity. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant).

### B.    THE AMOUNT IN CONTROVERSY IS SATISFIED

12.    The amount-in-controversy is also satisfied. Where a defendant can show, by a preponderance of evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 13 (5th Cir. 1998) ("The test is whether it is more likely than not the amount of the claim will exceed the [jurisdictional minimum].").. The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, if the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000. *E.g. Manguno v. Prudential Prop & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675-76.

13.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash State Apple Advere. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp.2d 1039, 1044 (W.D. Tex. 2010). The *Farkas* court held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of the property represent the amount in controversy." *Id*. When the right to the entirety of the property is called into question. "the value of the property

controls the amount in controversy." *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 31 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 Fed. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

14.     Plaintiff seeks injunctive relief precluding the foreclosure sale of the Property. *See* Compl. p. 4. Because Plaintiff seeks to preclude Defendant from exercising its right to foreclose on the Property, the Property is the object of the litigation, and its value represents the amount in controversy. *See Knox*, 351 Fed. App'x at 848; *see also Turner v. JP Morgan Chase, Bank*, N.A. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using the current market value from the Dallas Central Appraisal District to calculate the amount in controversy where the plaintiff sought to preclude foreclosure (citing *Copeland*, 485 App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . .")). According to the Bexar County Central Appraisal District, the current tax assessed market value for the Property is $492,150.[1]

15.     Because Plaintiff and Defendant are completely diverse, and the amount in controversy exceeds $75,000 exclusive of interest and costs, removal is proper.

---

[1] Attached as Exhibit C is a true and correct copy of the Bexar County Appraisal District tax assessed market valuation of the Property. The tax assessed value is not meant to show the true fair market value, but rather to establish that the property value likely exceeds $75,000. Pursuant to Federal Rule of Evidence 201, Defendant requests the Court take judicial notice of Exhibit C.

## IV.   **PRAYER**

WHEREFORE, Defendant removes this action from the 150th Judicial District of Bexar

County, Texas, to the United States District Court for the Western District of Texas, San Antonio

Division, so this Court may assume jurisdiction of the cause as provided by law.

Respectfully submitted,


*/s/ B. David L. Foster*
B. David L. Foster (dfoster@lockelord.com)
State Bar No. 2403155
**LOCKE LORD LLP**
600 Congress Avenue, Ste. 2200
Austin, TX 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)

Robert T. Mowrey (rmowrey@lockelord.com)
State Bar No. 14607500
**LOCKE LORD LLP**
2200 Ross Avenue, Ste. 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certified that a true and correct copy of the foregoing document was served on Plaintiff via CMRRR and regular mail on this the 18th day of February 2020, pursuant to the Federal Rules of Civil Procedure.

**U.S. MAIL & CERTIFIED MAIL, RETURN RECEIPT**
**REQUESTED NO. 9214 7969 0099 9790 1632 4597 61**
Gerardo L. Sanchez
15810 Lofty Heights
San Antonio, Texas 78232
jsan555@yahoo.com
*Pro Se Plaintiff*

*/s/ B. David L. Foster*
B. David Foster