**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GERARDO SANCHEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.  SA-20-CV-188-XR |
| WELLS FARGO BANK, N.A., and | § | |
| MCCARTHY & HOLTHUS, LLP, as | § | |
| trustee, | § | |
| | § | |
| *Defendants*. | | |

## ORDER

On this date, the Court considered Defendant Wells Fargo's motion to dismiss (docket no. 3). After careful consideration, Defendant McCarthy & Holthus, LLP is DISMISSED WITHOUT PREJUDICE as improperly joined, and Defendant Wells Fargo's motion to dismiss (docket no. 3) is GRANTED.

## BACKGROUND

Plaintiff Gerardo Sanchez ("Plaintiff") brought this action to prevent the foreclosure of real property located at 119 Binham Heights (the "Property") in Shavano Park, Texas. Docket no. 1-2. Plaintiff brought this action in the 150th Judicial District Court, Bexar, County, Texas on February 4, 2020. *Id.* Plaintiff brought suit against two parties: (1) Wells Fargo Bank, N.A. ("Wells Fargo") as the holder of the Note and lien covering Plaintiff's property, and (2) McCarthy & Holthus, LLP ("McCarthy & Holthus"), as trustee who filed a notice for a trustee sale, initially scheduled for February 4, 2020. *Id.* at 5. Plaintiff alleges that McCarthy & Holthus's notice of the foreclosure sale allowed him insufficient time to investigate the circumstances and consult with counsel. *Id.* at 6. Plaintiff's petition asks only for injunctive relief preventing the foreclosure sale. *Id.* at 7. Plaintiff alleges no other causes of action.

Wells Fargo timely removed the case to this Court on February 18, 2020. Docket no. 1. In its Notice of Removal, Wells Fargo pleads that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Wells Fargo alleges that it is a South Dakota citizen, as its main office is located in South Dakota. *Id.* at 3 (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located")). Wells Fargo further pleads that Plaintiff is domiciled with the intent to remain indefinitely in Texas and, accordingly, is a Texas citizen for diversity purposes. *Id.* Thus, Wells Fargo alleges that Plaintiff and Wells Fargo are completely diverse under 28 U.S.C. § 1332(a).

Wells Fargo further argues that McCarthy & Holthus is improperly joined and that the Court can thus ignore its citizenship for diversity purposes. It further alleges that the $75,000 amount-in-controversy requirement is satisfied in that the property at issue has been assessed at a market value of $492,150. *Id.* at 6 (citing *Copeland v. U.S. Bank NA*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (using the value of the property to satisfy the amount-in-controversy requirement in a foreclosure action)). The Court addresses first whether McCarthy & Holthus is improperly joined. Concluding that it is, the Court therefore has proper subject matter jurisdiction and is able to next consider Wells Fargo's motion to dismiss.

## ANALYSIS

### I.      Improper Joinder of McCarthy & Holthus

Wells Fargo argues that McCarthy & Holthus is improperly joined and that its citizenship can be disregarded for diversity purposes. *Id.* at 3. Specifically, Wells Fargo argues that (1) Plaintiff alleges not a single cause of action against McCarthy & Holthus, and (2) foreclosure firms such as

McCarthy & Holthus have immunity for acts as foreclosure counsel. *Id.* at 4 (citing *Iqbal v. Bank of Am., NA*, 559 F. App'x 363, 365 (5th Cir. 2014)).

### a.  Legal Standard

A defendant may remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). Congress conferred on the federal district courts original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938).  Congress also provided a mechanism for a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court where such action is pending, but a civil action "otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §§ 1441(a), (b)(2).

Courts have interpreted § 1332(a) to require "complete diversity" between all plaintiffs and all defendants.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity."  *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional fact, or (2) inability of the plaintiff to establish a cause of action against the non-diverse

party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Where there is no allegation of fraud in the pleadings, a court proceeds under the second prong to assess whether the plaintiff has a "reasonable basis of recovery under state law" against the non-diverse defendant. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in the Fifth Circuit apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). The removing party bears the burden of establishing federal jurisdiction and of proving improper joinder. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### b.  Analysis

Wells Fargo has met its burden of establishing federal jurisdiction and proving improper joinder. McCarthy & Holthus, Wells Fargo's foreclosure counsel, is immune from civil liability in this action and, therefore, no reasonable basis for recovery exists against it. Where counsel is retained to assist in foreclosure, and the actions complained of are within the scope of that representation, attorney immunity applies to prevent claims based on those actions. *Iqbal*, 559 F. App'x 363, 365–66 (5th Cir. 2014) (citing *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-429-CV, 2012 WL 1839357, at *5–6 (Tex.App.—Austin, May 18, 2012, pet. denied) (affirming dismissal on grounds of attorney immunity in wrongful foreclosure case against counsel retained by Wells Fargo to assist foreclosure)); *see also Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014). Such qualified immunity "generally applies even if conduct is improper in the context of the underlying lawsuit." *Campbell*, 2012 WL 1839357, at *5 (citing *Renfroe v. Jones & Assocs.*, 947

S.W.2d 285, 288 (Tex.App.—Fort Worth 1997, writ denied)). Indeed, an "attorney's conduct is not actionable even if it is frivolous or without merit as long as the attorney's alleged conduct was part of discharging his duties in representing his client." *Johnson v. CitiGroup Mortg. Loan Trust, Inc.*, No. 5:17-CV-1227-DAE, 2018 WL 6242181, at *4 (W.D. Tex. Mar. 19, 2018).

Plaintiff's allegation against McCarthy & Holthus—that the firm posted notice of the foreclosure sale too late for Plaintiff to challenge it—is well within the scope of the firm's representation. *Iqbal*, 559 F. App'x at 365–66. The firm's alleged conduct was part of discharging its duties in representing Wells Fargo and, accordingly, its "conduct is not actionable." *Johnson*, 2018 WL 6242181, at *4. There is accordingly no reasonable basis by which Plaintiff may recover from McCarthy & Holthus and, thus the Court finds that the firm was improperly joined. Thus, Defendant McCarthy & Holthus is DISMISSED WITHOUT PREJUDICE.

**II.     Wells Fargo's Motion to Dismiss**

With McCarthy & Holthus dismissed as improperly joined, and with Wells Fargo having otherwise established the presence of complete diversity and sufficient amount-in-controversy, the Court thus has jurisdiction to consider Wells Fargo's motion to dismiss (docket no. 3).

**a.   Legal Standard**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6),

all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**b. Analysis**

Wells Fargo argues that Plaintiff fails to plead a single allegation relating to Wells Fargo's conduct, or otherwise plead any cause of action against it. Docket no. 3 at 2. The request for injunctive relief, Wells Fargo contends, is not itself a cause of action but, rather, is dependent on the underlying cause of action, such that if there is no underlying cause of action, the request for injunctive relief should also be dismissed. *Id.* at 3–4.[1] The Court agrees.

A request for injunctive relief is not, itself, a cause of action. *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990). The law is clear that "injunctive relief is an equitable remedy, not a cause of action, and a claim for such relief should be dismissed when no substantive legal claims are pled." *Scott v. JP Morgan Chase Bank, N.A.*, No. 4:13-CV-3211, 2014 WL 4167980, at *7 (S.D. Tex. Aug. 19, 2014); *see also Pearlman v. Wells Fargo Bank, N.A.*, No. H-17-1380, 2018 WL 2335367, at *3 n.6 (S.D. Tex. Mar. 7, 2018) (dismissing plaintiff's request for injunctive relief in foreclosure action where there were no underlying substantive claims remaining).

Plaintiff here pleads no other cause of action aside from his request for injunctive relief to prevent the foreclosure of the Property. *See generally* docket no. 1-2. Because such a claim is an equitable remedy, not a cause of action, when there are no other substantive claims, the request for

---

[1] Plaintiff did not respond to this motion or otherwise appear after the case was removed to this Court.

6

injunctive relief must be dismissed. *Guajardo*, 605 F. App'x at 250. Thus, because Plaintiff pleads no cause of action, his request for injunctive relief cannot stand alone. Accordingly, Defendant's motion to dismiss is GRANTED.[2]

## CONCLUSION

For the foregoing reasons, McCarthy & Holthus is DISMISSED WITHOUT PREJUDICE and Wells Fargo's motion to dismiss (docket no. 3) is GRANTED. Plaintiff's claims against Wells Fargo are DISMISSED WITH PREJUDICE.  The Clerk is DIRECTED to enter a final judgment pursuant to Rule 58 and to close this case.

It is so ORDERED.

SIGNED this 30th day of April, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's request for attorney's fees is similarly dismissed because there is no underlying substantive claim upon which to base a claim for attorney's fees. *See Gooden v. Wells Fargo Bank, N.A.*, No. 4:19-cv-244, 2019 WL 6829047, at *5 (N.D. Tex. Dec. 13, 2019) (dismissing claim for injunctive relief and attorney's fees in foreclosure action when there were no remaining substantive claims).